IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TIMOTHY BROWN                                                                                      PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 5:04CV79DCB-JSC

DOLAN WALLER, ET AL.                                                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

      This cause comes before the court on the motion of defendants Dolan Waller, Harrell Gray, Douglas Griffin and Henry Hudson for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1]  Plaintiff Timothy Brown did not respond the motion, and the time for doing so has since expired.  Based on the following the court concludes that defendants' motion is well taken and should be granted.

      Brown, who is currently incarcerated at Mississippi State Penitentiary, filed this complaint, alleging that during his incarceration at the Wilkinson County Correctional Facility (WCCF), the defendants failed to protect him from serious harm and subjected him to inhumane conditions of confinement, both in violation of the Eighth Amendment.  More specifically, the complaint charges that on November October 2, 2002, Brown attempted suicide in the prison and was placed on suicide watch.  Then, on November 1, 2002, defendants placed plaintiff in the same cell with another inmate, Chris Tucker, who was also on suicide watch.  The next day, the plaintiff, using a shank that he found in the cell wall, attacked Tucker and then intentionally cut his own arm.  After the incident, plaintiff alleges that defendants placed him in a cell which lacked running water and into to which raw human waste leaked.  Additionally, plaintiff avers

---

[1] The parties consented by the magistrate judge at the omnibus hearing in this matter.

that during his one-week confinement in this cell, he was allowed access to a working toilet only one or two times. For this alleged deprivations, Brown seeks an unspecified amount of compensatory damages.

By their motion, defendants urge, among other things, that dismissal is required inasmuch as plaintiff failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e. Plaintiff failed to respond to defendants' well-supported motion, which demonstrated that plaintiff failed to completely exhausted his claim prior to initiating this action.

Title 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies <u>before</u> filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. <u>Wendall v. Asher</u>, 162 F.3d 887, 890 (5th Cir.1998); <u>see</u> <u>also</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>See</u> <u>Porter v. Nussle</u>, 122 S. Ct. 983 (2002); <u>see</u> <u>also</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001). Furthermore, as is pertinent in the case at bar, the Fifth Circuit has held that the available administrative remedy must be pursued to its conclusion.

Wright v. Hollingsworth, 260 F.3d 357 (5th Cir.2001).

The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three-step process. An inmate initially submits his grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Next, the inmate will receive a step-one response from the appropriate official, which he may appeal to the Superintendent or Warden of the institution, who will issue a step-two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step-three response is issued. At this time, the program administrator will issue to the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. No more than ninety days from initiation to completion of the process shall elapse, unless an extension has been granted. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

Here, according to the documentation submitted with plaintiff's complaint (and offered by defendants in support of their motion), on February 2, 2004, Brown submitted his first-step request form, complaining that he had informed the defendants that he "felt threatened by Tucker" and that the conditions in the second cell were "barbaric and inhumane." The request did not specify the relief desired. On February 23, 2004, the legal claims adjudicator rejected the request as "Time Lapsed over 30-days." As defendants correctly point out and plaintiff does not dispute, the record fails to show that Brown pursued steps two and three of the administrative remedy process. Thereafter, on March 4, 2004, plaintiff filed his complaint in this court, without including the required certificate from the administrative remedy program director. Since plaintiff has not fully exhausted his administrative remedies prior to bringing this suit as required by the PLRA, this action is subject to dismissal. Wendall v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) ("[Section 1997e] plainly requires that administrative remedies be exhausted

*before* the filing of a § 1983 suit, rather than while the action is pending.") (emphasis in original). For this reason, the court finds that defendants' motion should be granted.

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 24th day of March, 2006.


   S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE